PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCELO GONZALEZ LOPEZ, | ) | |
| | ) | CASE NO.  4:25CV2449 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEVIN RAYCRAFT, *etc.*,[1] *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondents. | ) | **AND ORDER** |

Pending is Petitioner Marcelo Gonzalez Lopez's Petition for Writ of Habeas Corpus

(ECF No. 1) under 28 U.S.C. § 2241.  Petitioner is currently detained in the Mahoning County

Justice Center in Youngstown, Ohio, which is located within the Northern District of Ohio.  He

moves the Court to order his release from detention because his detention without the possibility

of a bond hearing is unconstitutional.  The Court has been advised, having reviewed the record,

the Petition (ECF No. 1), Respondents' Response to the Petition (ECF No. 4), Petitioner's  Reply

in Support (ECF No. 5), and the applicable law.  The Court has also considered the oral

arguments of counsel offered on the record during the Telephonic Hearing held on November 21,

2025.  For the reasons set forth below, the Court conditionally grants the Petition.

---

[1] Rebecca Adducci was an original Respondent.  She was sued in an official capacity as a public officer.  Kevin Raycraft is currently the Acting Field Director of Enforcement and Removal Operation ("ERO"), Detroit Field Office, Immigration and Customs Enforcement ("ICE").  Pursuant to Fed. R. Civ. P. 25(d), his name has been automatically substituted as a party.

(4:25CV2449)

## I. Background

Petitioner is a native and citizen of Guatemala.  He entered the United States, in October 1998, near Tucson, Arizona, without admission or parole and without inspection by an immigration officer.  Petitioner has lived in the United States for over 27 years.  He was detained by the United States Immigration and Customs Enforcement ("ICE") on June 12, 2025, and has remained detained since then for a total of 166 days as of the date of this Memorandum of Opinion and Order with no opportunity to receive bond.  Following his arrest, Petitioner filed a petition for asylum that alleges a fear of persecution in Guatemala for being an indigenous Mayan Quiche speaker.

The Department of Homeland Security ("DHS") issued a Notice to Appear against Petitioner on June 14, 2025, charging him with removability pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled and subsequently filed a form I-261 charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as a noncitizen not in possession of a valid entry document.

On July 17, 2025, the Cleveland Immigration Court held a custody hearing for Petitioner's bond redetermination request.  The next day, that court issued its decision denying Petitioner's custody redetermination request, as the court found he had been detained under

(4:25CV2449)

§ 235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A),[2] mandating that he remain in detention

until the conclusion of proceedings under § 240 of the INA, 8 U.S.C. § 1229a.

On July 23, 2025, Petitioner appealed the Cleveland Immigration Court's denial of his

request for bond redetermination.  In a Decision and Order dated August 6, 2025 (ECF No. 1-4),

the Immigration Judge ("IJ") stated, in pertinent part:

> . . . As detention under INA § 235(b)(2)(A) requires mandatory detention until the
> conclusion of removal proceedings, the Court finds it does not have jurisdiction to
> redetermine [Petitioner's] bond.
>
> In the alternative, if the court had jurisdiction to redetermine [Petitioner's] bond,
> the Court finds that [Petitioner] is not a danger to the community, and that a
> $10,000 bond would mitigate any risk of flight.

ECF No. 1-4 at PageID #: 32.  The IJ cited the Board of Immigration Appeals' ("BIA") decision

in *Matter of Q. Li*, 29 I&N Dec. 66, 69 (BIA 2025) (holding that "an applicant for admission who

is arrested and detained without a warrant while arriving in the United States, whether or not at a

port of entry, and subsequently placed in removal proceedings is detained under section 235(b) of

the INA, 8 U.S.C. § 1225(b), and is ineligible for any subsequent release on bond under section

236(a) of the INA, 8 U.S.C. § 1226(a)"); *see also Matter of Yajure Hurtado*, 29 I&N Dec. 216

(BIA 2025) (holding that an IJ "lack[s] authority to hear bond requests or to grant bond to aliens

who are present in the United States without admission.").

---

[2]  8 U.S.C. § 1225(b)(2)(A) provides "[s]ubject to subparagraphs (B) and (C), in
the case of an alien who is an applicant for admission, if the examining immigration
officer determines that an alien seeking admission is not clearly and beyond a doubt
entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of
this title."

3

(4:25CV2449)

Petitioner had his merit hearing before the Immigrant Court on October 17, 2025, at which he was represented by counsel and given an opportunity to present evidence.  That court denied him relief and ordered him removed.  Petitioner filed a timely appeal of that denial with the BIA.

## II.

Petitioner argues that absent an order from this Court, he will remain detained without due process of the law for the duration of his immigration removal proceedings – potentially months to years longer during appeals.  *See* *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.  So, the detainees are entitled to notice and opportunity to be heard appropriate to the nature of the case.") (quotation marks and citations omitted); *Make the Road New York v. Wolf*, No. 25-5320, slip op. at 45 (D.C. Cir. Nov. 22, 2025) (statement of Circuit Judges Millett and Childs) ("those persons 'who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.' " (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)).

## A.

Petitioner argues the Court should waive any administrative exhaustion requirement.

There is no statute that requires Petitioner to administratively exhaust his claims.  "Where Congress specifically mandates, exhaustion is required."  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).  But when it is not mandated, the decision to require exhaustion is within the sound

4

(4:25CV2449)

discretion of the court.  *Id.*; *see also Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013).

Exhaustion requirements not written into the text of the statute are prudential.  *See Perkovic v.*

*I.N.S.*, 33 F.3d 615, 619 (6th Cir. 1994).  Prudential exhaustion is a judge-made doctrine that

enables courts to require administrative exhaustion even when the statute or regulations do not.

*Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 747 (6th Cir. 2019).

"The Sixth Circuit has not formally adopted a standard for determining when prudential

exhaustion applies."  *Lopez-Campos v. Raycraft*, --- F. Supp.3d ----, No. 2:25-cv-12486, 2025

WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025).  Some district courts in the Sixth Circuit have

adopted the three-factor test set forth by the Ninth Circuit in *United States v. California Care*

*Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983), and have thus required prudential exhaustion when,

> 1) agency expertise makes agency consideration necessary to generate a proper
> record and reach a proper decision;
>
> (2) relaxation of the requirement would encourage the deliberate bypass of the
> administrative scheme; and
>
> (3) administrative review is likely to allow the agency to correct its own mistakes
> and to preclude the need for judicial review.

*Diego v. Raycraft*, No. 25-13288, 2025 WL 3159106, at *3 (E.D. Mich. Nov. 12, 2025) (citing

*Lopez-Campos*, 2025 WL 2496379, at *4 (citing *Shweika v. Dep't of Homeland Sec.*, No.

1:06-cv-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015))).  Here, all three factors

weigh against requiring administrative exhaustion, and other district courts in the Sixth Circuit

have concurred in cases with identical legal considerations.  *See Diego*, 2025 WL 3159106, at *4.

5

(4:25CV2449)

First, the issues raised in the habeas petition are purely legal in nature and do not require the agency to develop the record.  Second, because Petitioner's habeas petition includes a due process claim, the administrative scheme (*i.e.* appeal to the BIA) is likely futile.  And third, administrative review is not likely to change Respondents' position that § 1225(b)(2)(A) applies in this context.  As such, requiring Petitioner to go through the administrative process would be fruitless and a waste of time.

Even if these factors weighed in favor of requiring administrative exhaustion, the Court may still waive administrative exhaustion "when the interests of the individual weigh heavily against requiring administrative exhaustion, or exhaustion would be futile and unable to afford the petitioner the relief he seeks," or when "delay means hardship." *Lopez-Campos*, 2025 WL 2496379, at *4.  Respondents explicitly acknowledge that futility is applicable in this case.  *See* ECF No. 4 at PageID #: 42-43.

Petitioner is unlikely to obtain the relief he seeks through the administrative process given Respondents' position in the case at bar and the BIA's recent decision in *Yajure Hurtado, supra*, which is binding on the agency and the immigration courts, and which conclusively rejects Petitioner's arguments in this case.  *See Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1093 (6th Cir. 1981) (recognizing that administrative exhaustion may be excused if it would be futile); *Contreras-Lomeli v. Raycraft*, No. 2:25-cv-12826, 2025 WL 2976739, at *4 (E.D. Mich. Oct. 21, 2025) ("Waiver based on futility is appropriate when an administrative agency 'has predetermined the disputed issue' by having a 'clearly stated position' that the petitioner is not

(4:25CV2449)

eligible for the relief sought.") (quoting *Cooper v. Zych*, No. 09-CV-11620, 2009 WL 2711957, at *2 (E.D. Mich. Aug. 25, 2009)).

Second, requiring administrative exhaustion would subject Petitioner to hardship. "Bond appeals before the BIA, on average, take six months or more to complete." *Lopez-Campos*, 2025 WL 2496379, at *5 (citing *Rodriguez v. Bostock*, 779 F. Supp.3d 1239, 1245 (W.D. Wash. 2025) Requiring Petitioner to remain in custody for that period of time " 'would result in the very harm that the bond hearing was designed to prevent,' that is, prolonged detention without due process." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (quoting *Hechavarria v. Whitaker*, 358 F. Supp.3d 227, 237 (W.D.N.Y. 2019)).

Third, "the Sixth Circuit has also previously held that a due process challenge generally does not require exhaustion since the BIA lacks authority to review constitutional challenges." *Contreras-Cervantes v. Raycraft*, No. 2:25-cv-13073, 2025 WL 2952796, at *6 (E.D. Mich. Oct. 17, 2025) (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006); *accord Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006) ("Exhaustion of administrative remedies may not be required in cases of non-frivolous constitutional challenges to an agency's procedures.") (citation omitted)).

As explained above, it is clear that administrative exhaustion should be waived in this case. Accordingly, the Court waives Petitioner's exhaustion requirements.

(4:25CV2449)

**B.**

The final issue in this case concerns Petitioner's ongoing detention pending regular removal proceedings and the issue of a bond hearing.  For the reasons stated herein, Petitioner's request for habeas relief is granted.

There are two statutes governing detention of noncitizens during removal proceedings: 8 U.S.C. §§ 1225 and 1226.  Section 1225 applies to "applicants for admission," defined as any "alien present in the United States who has not been admitted or who arrives in the United States."  8 U.S.C. § 1225(a)(1).  Specifically, "Section 1225(b)(1) aliens are detained for 'further consideration of the application for asylum,' and § 1225(b)(2) aliens are in turn detained" until the conclusion of proceedings under 8 U.S.C. § 1229a.  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  *See Barrera v. Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *2 (W.D. Ky. Sept. 19, 2025) (recognizing detention under § 1225 is mandatory except when the noncitizen is "paroled for urgent humanitarian reasons or significant public benefit").   Conversely, § 1226 serves as a catchall applicable to noncitizens already in the country, pending the outcome of removal proceedings.  *Jennings*, 583 U.S. at 288.  The statute provides the Attorney General (who has delegated her authority to the DHS Secretary) with discretion to arrest and detain noncitizens, except those who fall under the statutory exceptions set forth in § 1226(c).  *Id.* at 288-89.  Detention of noncitizens subject to removal proceedings under § 1226 is discretionary.  Therefore, those noncitizens are entitled to bond hearings.  *Id.*  In fact, noncitizens detained under § 1226(a) may be released on bond or conditional parole.  8 U.S.C. § 1226(a)(2).

8

(4:25CV2449)

Insisting that he should proceed under § 1226(a), Petitioner argues that the Due Process

Clause under the Fifth Amendment protects his liberty interests, namely, remaining free from

custody during his removal proceedings.  *See* ECF No. 1 at PageID #: 18-19.  Respondents retort

that the statute[3] requires Petitioner remain in custody without a bond hearing.  ECF No. 4 at

PageID #: 37.  The undersigned disagrees.

Other district courts within the Sixth Circuit to consider Respondents' argument have

rejected Respondents' position.[4]  These courts have found, as the Court finds here, that

noncitizens, like Petitioner, who have spent years in the United States before being detained are

subject to § 1226(a)'s discretionary bond provision – not § 1225(b)(2)(A)'s mandatory detention

provision.

Section 1226(a), not – as Respondents argue – under § 1225(b)(2), governs Petitioner's

detention.  Respondents' misapplication of § 1225(b) to deny Petitioner appeal of his bond

determination violates his due process rights.  As Chief U.S. District Judge Sara Lioi recently

stated:

> Putting these statutes together, it would appear that § 1226(a) provides a general
> rule, while § 1225(b)(2) provides a carveout to that rule.  Section 1226(a) applies
> broadly to immigrants arrested and detained pending removal determinations.
> Meanwhile, § 1225(b)(2) carves out from § 1226(a) those immigrants who are
> (1) either present in the United States without having lawfully entered after

---

[3] Respondents believe that Petitioner is subject to removal proceedings under
§ 1225(b)(2)(A).  *See* ECF No. 1 at PageID #: 1.

[4] *See Morales Chavez v. Dir. of Detroit Field Off.*, No. 4:25CV2061, 2025 WL
3187080, at *7, n. 6 (N.D. Ohio Nov. 14, 2025) (collecting cases); *see also Guzman
Cardenas v. Almodovar*, No. 25-CV-9169 (JMF), 2025 WL 3215573, at *2 (S.D.N.Y.
Nov. 18, 2025) (citing *Morales Chavez, supra*).

9

(4:25CV2449)

> inspection and authorization by an immigration officer or arriving in the United
> States and (2) seeking lawful entry via inspection and authorization by an
> immigration officer.

*Morales Chavez*, 2025 WL 3187080, at *4.

In *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025), the court noted that, until recently, DHS interpreted § 1226(a) (which permits a bond hearing) "to be an available detention authority for noncitizens [ ] placed directly in full removal proceedings under Section § 1229a." *Id.* at *10 (brackets in original); *see ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AMERICAN IMMIGRATION LAWYERS ASSOCIATION, https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Nov. 24, 2025) ("Effective immediately, it is the position of DHS that [applicants for admission] are subject to detention under INA § 235(b) and may not be released from ICE custody except by INA § 212(d)(5) parole.  These aliens are also ineligible for a custody redetermination hearing ('bond hearing') before an immigration judge. . . .") (bold removed).[5]

Upon review, the Court concludes § 1225(b)(2) does not apply to Petitioner.  While he is present in the United States without admission, and according to DHS policy thus an "applicant for admission," he is not seeking to lawfully enter.  Indeed, it would distort the words of the statute to state that one who has been in the United States since 1998 *is seeking to enter* it.  *See,*

---

[5] The existence of the memorandum was first reported by the Washington Post on July 14, 2025.  Maria Sacchetti & Carol D. Leonnig, *ICE declares millions of undocumented immigrants ineligible for bond hearings*, WASHINGTON POST (July 14, 2025), 2025 WLNR 17364157. The memorandum itself was subsequently leaked by legal advocacy groups.  *See Martinez v. Hyde*, 792 F. Supp.3d 211, 217 n. 10 (2025).

(4:25CV2449)

*e.g.*, *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) ("Noncitizens who are present in the country for years, like [petitioner] who has been here 20 years, are not actively 'seeking admission.' "); *Lopez-Campos*, 2025 WL 2496379, at *6 ("those like [petitioner], who have been here for years upon years and never proceeded to obtain any form of citizenship . . . are not 'seeking' admission").  Rather, as an immigrant arrested and detained while "already in the country[,]" *Jennings*, 583 U.S. at 289, Petitioner falls within § 1226(a)'s default rule.  *Morales Chavez*, 2025 WL 3187080 at * (N.D. Ohio Nov. 14, 2025) (citing *Lopez-Campos*, 2025 WL 2496379, at *8 ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border.").

Respondents' argument regarding mandatory detention without a bond hearing fails.

**III.**

For the reasons discussed above, the Court conditionally grants the Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241.  The Court Orders Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 business days of the date of the Court's Memorandum of Opinion and Order or, in the alternative, immediately release Petitioner from custody.  The Court also Orders Respondents to file a status report within 14 business days of the date of the Court's Memorandum of Opinion and Order to certify

11

(4:25CV2449)

compliance with this Order. The status report shall inform the Court when the bond hearing

occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.


      IT IS SO ORDERED.


    November 25, 2025                    */s/ Benita Y. Pearson*

Date                                   Benita Y. Pearson

                                        United States District Judge

12